EFILED 08/10/26 09:43 AM CASE NO. 26C2357 Joseph P. Day, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 632414

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

6608 BROOKMONT TERRACE LLC , et al.

Plaintiff

vs.

STATE FARM FIRE AND CASUALTY COMPANY
NAIC 2513
C/O COMMISSIONER OF INSURANCE
NASHVILLE, TN 37248

Defendant

CIVIL ACTION
DOCKET NO. 26C2357
Method of Service:
Commissioner Of Insurance

Service ID 632414

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 08/10/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: Kenn A Self

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

MICHAEL DANIEL QUINTERO
250 W. MAIN ST.
SUITE 2650
LEXINGTON, KY 40507

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Blumberg No. 5208 EXHIBIT A

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 632414

STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT

6608 BROOKMONT TERRACE LLC , et al.

Plaintiff

vs.

STATE FARM FIRE AND CASUALTY COMPANY
NAIC 2513
C/O COMMISSIONER OF INSURANCE
NASHVILLE, TN 37248

Defendant

CIVIL ACTION
DOCKET NO. 26C2357
Method of Service:
Commissioner Of Insurance

Service ID 632414

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ____________day of _________ _________ _________, 20___, I:

_____ served this Summons and Complaint/Petition on ______________________________ in the following manner:
______________________________________________________________________

_____ failed to serve this Summons within 90 days after its issuance because ______________________
______________________________________________________________________

______________________________
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY
TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| 6608 BROOKMONT TERRACE LLC; JARRED PYLE; and BRENDAN DAUENHAUR, | ) | |
| Plaintiffs, | ) | No. __________ |
| v. | ) | JURY DEMAND |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, 6608 Brookmont Terrace LLC, Jarred Pyle, and Brendan Dauenhauer (collectively, "Plaintiffs"), by and through the undersigned counsel, file this Complaint against Defendant, State Farm Fire and Casualty Company ("State Farm" or "Defendant"), and alleges as follows:

**PARTIES**

1. Plaintiff 6608 Brookmont Terrace LLC is, on information and belief, a Tennessee limited liability company that at all relevant times owned or held an insurable interest in the real property located at 6608 Brookmont Terrace, Nashville, Davidson County, Tennessee 37205-4608 (the "Property"), and is a named insured under the Policy described below.

2. Plaintiff Jarred Pyle is an individual who, on information and belief, at all relevant times owned or held an insurable interest in the real property located at 6608 Brookmont Terrace,

Nashville, Davidson County, Tennessee 37205-4608 (the "Property"), and is a named insured under the Policy described below.

3. Plaintiff Brendan Dauenhauer is an individual who, on information and belief, at all relevant times owned or held an insurable interest in the real property located at 6608 Brookmont Terrace, Nashville, Davidson County, Tennessee 37205-4608 (the "Property"), and is a named insured under the Policy described below.

4. State Farm Fire & Casualty Company ("Defendant") is a foreign insurance company licensed in and regularly transacting business within the state of Tennessee, including the issuance of the Policy at issue in this action. Defendant can be served through the Commissioner of Insurance, 500 James Robertson Parkway, 5th Floor, Nashville, Tennessee 37243.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action because the damages alleged are more than Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney's fees, and Plaintiffs' claim for relief arises from a covered loss to the Property located in Davidson County, Tennessee.

6. This Court has personal jurisdiction over Defendant because Defendant regularly conducts insurance business within the State of Tennessee, issued the Policy at issue covering property located in Tennessee, and the acts and omissions giving rise to this action occurred in whole or in part in Davidson County, Tennessee.

7. Venue is proper in Davidson County, Tennessee pursuant to Tenn. Code Ann. § 20-4-101 and § 20-4-104 because the Property that is the subject of the Policy is situated in Davidson

County, the loss occurred in Davidson County, and Defendant's obligations under the Policy were, at all relevant times, to be performed in Davidson County.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### *The Policy*

8. Defendant issued to Plaintiffs a Rental Dwelling Policy, Special Form 3, Policy No. 92-NT-L464-6 (the "Policy"), insuring the Property against direct physical loss, including water damage, subject to the Policy's terms, conditions, limitations, and exclusions. (A copy of the Subject Policy Declarations Page is attached hereto as Exhibit "A").[1]

9. The Policy provides, among other coverages, Coverage A – Dwelling, Coverage B – Personal Property, and Coverage C – Loss of Rents, together with a Dwelling Extension and Section II Business Liability coverage, in limits set forth on the Policy's Declarations Page.

10. The Policy is a replacement-cost policy for Coverage A, meaning Defendant is obligated to pay the actual and necessary cost to repair or replace the damaged dwelling, without deduction for depreciation, up to the applicable limit of liability, once repair or replacement is completed (or substantially underway), subject to an initial actual-cash-value payment pending completion of repairs.

11. Coverage C – Loss of Rents is written on an "Actual Loss" basis and, under the Policy, is payable for the shortest time required to repair or replace the damaged portion of the Property, subject to a maximum of twelve (12) consecutive months.

12. The Policy contains a condition requiring that any suit against Defendant be brought within one year after the date of loss (the "Suit Limitation Clause").

---

[1] A formal request for a certified copy of the Policy was made to Defendant on or about April 22, 2026. As of the date of this filing, Defendant has failed to provide a certified copy of the Policy. A certified copy of the Policy will be requested during Discovery.

13. At all relevant times, the Policy was in full force and effect, premiums were paid as due, and Plaintiffs performed, or were excused from performing, all conditions precedent to coverage under the Policy, including timely notice of loss and cooperation with Defendant's investigation.

***The Loss***

14. At all times material hereto, Plaintiff was the owner of the Property located at 6608 Brookmont Terrace, Nashville, Davidson County, Tennessee 37205-4608.

15. On or about August 9, 2025, the Property sustained direct physical loss from water damage (the "Loss"), causing substantial damage to the dwelling's structure, finishes, and systems.

16. The Policy issued by Defendant to Plaintiff for the Property was in full force and effect on August 9, 2025.

17. Upon learning of the damage, Plaintiffs properly gave notice of the Loss to Defendant in accordance with the terms of the Policy. Defendant assigned Claim No. 42-88T0-91G to the Loss (the "Claim")..

18. Plaintiff cooperated with Defendant's adjustment of the claim and complied with all conditions precedent to coverage under the policy, or those conditions have been waived by Defendant.

***State Farm's Adjustment of the Loss***

19. On or about November 14, 2025, after investigating the Loss, Defendant acknowledged that the Loss was covered by the Policy, tendered partial payment on the Claim, and there are no applicable exclusions.

20. As part of the claims process, Plaintiffs submitted bills and/or estimates to mitigate and repair covered damages to the Property along with records supporting the fair rental value loss

and foreseeable consequential damages, however, Defendant failed to indemnify Plaintiff for the full amount of insurance benefits owed to Plaintiffs for covered damage sustained to the Property as a result of the Loss.

21. Furthermore, on or about August 5, 2026, Plaintiffs re-submitted its estimate for repairs, invoices for mitigation, records supporting the fair rental value loss, and past/present/future consequential damages as a result of Defendant's actions, along with its sworn proof of loss, and demanded payment of the balance pursuant to T.C.A. § 56-7-105.

22. However, to date, Defendant has not responded to Plaintiffs' demand for payment.

23. Additionally, on or about August 5, 2026, Plaintiffs also submitted a written demand for appraisal per the Policy's appraisal provision and named their appraiser, in the event a resolution could not be achieved.

24. However, to date, Defendant has not responded to Plaintiffs' demand for appraisal.

25. Defendant's estimate materially understates the actual and necessary cost of repair and Defendant has not provided any reasonable explanation or identified any specific, itemized coverage defense or exclusion applicable to the disputed scope to justify the shortfall between its estimate and the cost of the necessary covered repairs, nor have they provided any reasonable explanation of the same.

26. Additionally, Defendant has either failed to pay, or underpaid, for mitigation, fair rental value loss, and foreseeable consequential damages due to their actions, and Defendant has not provided any reasonable explanation or identified any specific coverage defense or applicable exclusion to justify the non-payment or underpayment of said benefits and damages.

27. With respect to legal action against Defendant, the Policy provides that Plaintiffs may not bring a legal action against Defendant unless it is brought "within one year after the date of loss or damage."

28. Although the Plaintiffs demand for payment and demand for appraisal are pending, and Plaintiffs desire to resolve the claim in the normal course of business, Plaintiffs file this lawsuit out of an abundance of caution to avoid any claim by Defendant that Plaintiffs failed to comply with the contractual limitations period as set forth in the Policy and to protect the rights of the Plaintiffs.

29. To date, Defendant has failed to indemnify Plaintiffs for the full amount of insurance benefits owed to Plaintiff for covered damage sustained to the Property as a result of the Loss and as required by the Policy.

30. Therefore, a bona fide dispute has arisen between Plaintiff and Defendant as to the amount of loss and the benefits still owed to Plaintiff under the policy.

31. This is an action related to Defendant's breach of contract and failure to fully indemnify Plaintiffs from loss and issue the full amount of insurance benefits owed for necessary repairs, mitigation and services to Plaintiff's Property.

## COUNT I – BREACH OF CONTRACT

**COMES NOW** the Plaintiffs, 6608 Brookmont Terrace LLC, Jarred Pyle, and Brendan Dauenhauer, by and through the undersigned attorney sues the Defendant, State Farm Fire & Casualty Company, and alleges as follows:

32. Plaintiffs do hereby repeat and re-allege Paragraphs 1 through 31 above and incorporates the same by reference herein.

33. Plaintiffs are the named insureds under the Policy which was in full force and effect at all times material to this Complaint.

34. Plaintiffs have complied with all conditions precedent to entitle Plaintiffs to recover benefits under the Policy, or any such conditions have been waived.

35. Despite Plaintiffs submitting bills and/or estimates to mitigate and repair covered damages to the Property along with records supporting the fair rental value loss and foreseeable consequential damages, Defendant has failed or refused to pay all of Plaintiffs' bills and/or estimates for mitigation and repairs to damaged property, as well as for the fair rental value loss and foreseeable consequential damages.

36. The Property is a rental/investment property, and the covered Loss has rendered all or a portion of the Property unfit for its intended rental use during the period of repair.

37. Plaintiffs are also entitled to recover their actual loss of rental income under Coverage C for the period reasonably required to repair the Property, up to the Policy's twelve-month cap, in an amount to be established through documentation of the Property's fair rental value and the actual period of loss of use.

38. On information and belief, Defendant has not adjusted, paid, or timely responded to Plaintiffs' claim for loss of rents under Coverage C.

39. Defendant breached the Policy by, among other things: (a) failing to pay the full actual and necessary cost of covered structural repairs to the Property, as established by the consistent and substantial gap between Defendant's own estimate and Plaintiffs' contractor's estimates of the same covered scope of damage; (b) failing to reimburse Plaintiffs' reasonable and necessary emergency mitigation expenses; (c) failing to timely adjust and pay Plaintiffs' claim for loss of rents under Coverage C; and (d) failing to timely and properly adjust the claim in

accordance with the Policy's terms and Defendant's duties of good faith and fair dealing implicit in the Policy.

40. Defendant's failure to reimburse Plaintiff adequately for damages, and otherwise make Plaintiff whole, constitutes a material breach of contract.

41. Plaintiff has been damaged as a result of Defendant's breach in the form of substantial compensable losses, including but not limited to, insurance proceeds which have not been paid plus interest and costs and/or any foreseeable consequential damages in enforcing the Policy.

42. Defendant's acts and omissions were a direct and proximate cause of Plaintiff's injuries described herein.

43. Defendant's refusal to pay the money and benefits due and owing Plaintiff under the Policy caused the Plaintiff to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which they are entitled.

44. Plaintiff has been and remains fully prepared to comply with all of the obligations pursuant to the aforesaid contract of insurance.

*CONSEQUENTIAL DAMAGES – CARRYING COSTS*

45. Due to delays and actions of the Defendant, Plaintiffs were forced to finance their acquisition and renovation of the Property through a loan (Loan No. 612426) serviced by Tandem Servicing, LLC, secured by a mortgage on the Property, plus a principal balance on the order of $840,000.00 and an interest rate of 9.5% per annum, requiring interest-only payments of approximately $6,650.00 per month. Plaintiffs also incurred a financing fee of $12,481.96.

46. As a direct and proximate result of Defendant's delay and underpayment of the covered claim, Plaintiffs have been unable to complete repairs and return the Property to rentable

or sellable condition, and have incurred and will continue to incur in the future, substantial monthly carrying costs, including interest, and other loan-related charges, that Plaintiffs would not have incurred (or will incur) or would have incurred for a materially shorter period, had Defendant timely and fully paid the covered claim.

47. These carrying costs are a foreseeable and direct consequence of Defendant's breach and are recoverable as consequential damages Defendant's refusal to pay the full amount due under the Policy was not in good faith, and Defendant did not have reasonable grounds for its refusal, in light of, among other things: (a) the consistent and substantial gap between Defendant's own estimate and two independent contractor estimates of the same covered structural damage; (b) Defendant's failure to identify any specific coverage defense justifying that gap; (c) Defendant's failure to timely adjust or respond to the reserved Coverage C and carrying-cost components of the claim; and (d) Defendant's failure to reimburse documented, reasonable emergency mitigation expenses.

48. Plaintiffs seek, and are entitled to, incurred and future consequential damages.

*PUNATIVE DAMAGES*

49. Moreover, Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g.*, *Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2014). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiffs' claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiffs' claim for insurance proceeds; (3) unjustly refused and/or failed to fully pay Plaintiffs' claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat Plaintiffs' interest

with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide proper payment; (6) failed and refused to pay Plaintiffs' full, valid claim; (7) unnecessarily delayed payment of Plaintiffs' insured losses; (8) underpaid Plaintiffs for their insured losses; and (9) failed to abide by the rules, regulations, and industry standards/practices applicable to property insurers in the State of Tennessee.

50. Instances of said conduct include, but are not limited to:

a. Defendant failed to provide necessary claim forms to Plaintiffs upon receiving notification of the Claim so that Plaintiffs could comply with the Policy conditions and the insurer's reasonable requirements as required by the rules, regulations, and industry standards/practices applicable to property insurers in the State of Tennessee despite knowledge of the same;

b. Defendant undervalued and underpaid for the reasonable and necessary repairs to the Plaintiffs property with no reasonable explanation given;

c. Defendant failed to account for the proper scope of repairs in accordance with the rules, regulations, and industry standards/practices applicable to property insurers in the State of Tennessee despite knowledge of the same;

d. Defendant failed to provide notice to Plaintiff of the applicable statute of limitations at least thirty (30) days before the date on which such statute of limitations expires in accordance with the rules, regulations, and industry standards/practices applicable to property insurers in the State of Tennessee despite knowledge of the same;

e. Defendant failed to provide a basis for denial in accordance with the rules, regulations, and industry standards/practices applicable to property insurers in

the State of Tennessee despite not paying or accounting for certain repairs and/or mitigation submitted by Plaintiff;

f. Defendant failed to provide a certified copy of the Policy and other reasonable information as requested by Plaintiffs, in accordance with the rules, regulations, and industry standards/practices applicable to property insurers in the State of Tennessee despite knowledge of the same;

g. Defendant maintains internal policies and practices that are inconsistent/contrary to the rules, regulations, and industry standards/practices applicable to property insurers in the State of Tennessee despite knowledge of the same; and

h. Defendant's failure to adhere to the rules, regulations, and industry standards/practices applicable to property insurers in the State of Tennessee despite knowledge of the same.

51. Defendant knew, or reasonably should have known, that Plaintiffs were justifiably relying on the money and benefits due to them under the terms of the Policy and Tennessee law. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing, or willfully disregarding the probability of causing, unjust and cruel hardship on Plaintiffs, Defendant consciously ignored Plaintiffs' valid claim and then withheld monies and benefits rightfully due to Plaintiffs.

52. Plaintiffs seek, and are entitled to, punitive damages

## PRAYER FOR RELIEF

**WHEREFORE**, as a result of the forgoing, Plaintiffs would respectfully request that this Honorable Court award a judgement against Defendant as follows:

A. Enter judgment in favor of Plaintiffs and against Defendant on all Counts;

B. For any and all compensatory damages in an amount no less than $208,729.49 to be proven at trial, including the full underpaid structural repair shortfall and unreimbursed mitigation costs under Coverage A and for loss of rent value benefits under Coverage C;

C. For any and all past, present and future consequential damages in an amount no less than $92,281.96 and accruing an additional $6,650.00 per month;

D. For punitive damages in an amount to be determined by a jury;

E. For all costs incurred by Plaintiff as a result of this action;

F. All pre and post-judgement interest; and

G. Any other general relief that this Honorable Court deems just and equitable.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

**Dated: August 7, 2026**

Respectfully submitted,

*/s/ Michael D. Quintero*
Michael D. Quintero, Esq. (BPR No. 038642)
Denham Property and Injury Law Firm
250 W. Main St., Suite 2650
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Michael@Denham.Law
*COUNSEL FOR PLAINTIFFS*

(CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE)

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

Respectfully Submitted.

*/s/ Michael D. Quintero*
Michael D. Quintero, Esq. (BPR No. 038642)
Denham Property and Injury Law Firm
250 W. Main St., Suite 2650
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Michael@Denham.Law
*COUNSEL FOR PLAINTIFFS*

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY**
**TENNESSEE AT NASHVILLE**

| | | |
|---|---|---|
| **6608 BROOKMONT TERRACE LLC; JARRED PYLE; and BRENDAN DAUENHAUR,** | ) | |
| **Plaintiffs,** | ) | **Case No.____________** |
| **vs.** | ) | **JURY DEMANDED** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF DEFENDANT'S LAST KNOWN ADDRESS

Plaintiffs, 6608 Brookmont Terrace LLC, Jarred Pyle, and Brendan Dauenhaur, by and through counsel, respectfully submits this Affidavit of State Farm Fire and Casualty Company's last known address, and hereby states as follows:

The last known address of State Farm Fire and Casualty Company is One State Farm Plaza Bloomington, IL 61710 United States.

I, the undersigned affiant, hereby certify that the statements made herein are true and correct to the best of my knowledge, information, and belief.

Dated: August 7th, 2026

Respectfully submitted,

*/s/ Michael D. Quintero*
Michael D. Quintero, Esq. (BPR No. 038642)
Denham Property and Injury Law Firm
250 W. Main St., Suite 2650
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Michael@Denham.Law
*COUNSEL FOR PLAINTIFFS*

StateFarm

State Farm Fire and Casualty Company
A Stock Company With Home Offices in Bloomington, Illinois

Po Box 2356
Bloomington IL 61702-2356

## DECLARATIONS PAGE

AMENDED DEC 18 2025

| Policy Number | 92-NT-L464-6 | |
|---|---|---|
| **Policy Period** | **Effective Date** | **Expiration Date** |
| 12 Months | SEP 6 2025 | SEP 6 2026 |

The policy period begins and ends at 12:01 am standard time at the residence premises.
Time Out of Force from OCT 15 2025 to NOV 13 2025

Named Insured

H-11-1E9E-FC11 R F

6608 BROOKMONT TERRACE LLC
DAUENHAUER BRENDAN & PYLE
JARRED
148 CLINE AVE
HENDERSONVLLE TN 37075-3242

**Loan # 612426**
**Mortgagee**

TANDEM SERVICING, LLC
ISAOA/ATIMA
PO BOX 2367
MANASSAS VA 20108-0837

## RENTAL DWELLING POLICY- SPECIAL FORM 3

**Automatic Renewal** - If the **policy period** is shown as **12 months,** this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Premises
6608 BROOKMONT TER
NASHVILLE TN 37205-4608

**Your policy is amended DEC 18 2025**
INSURED NAME AND/OR ADDRESS CHANGE

Named Insured: Limited Liability Company

| Coverages & Property | Limits of Liability |
|---|---|
| **Section I** | |
| A Dwelling | $ 710,200 |
| Dwelling Extension | $ 71,020 |
| B Personal Property | $ 35,510 |
| C Loss of Rents | Actual Loss |
| **Section II** | |
| L Business Liability (Each Occurrence) | $ 1,000,000 |
| Annual Aggregate | $ 2,000,000 |
| M Medical Payments (Each Person) | $ 1,000 |

**Inflation Coverage Index: 359.1**
**Deductibles - Section I**

| | | |
|---|---|---|
| Basic | 1% | $ 7,102 |

In case of loss under this policy, the deductibles will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to policy.

| Forms, Options, & Endorsements | |
|---|---|
| Special Form 3 | FP-8103.3 |
| Debris Removal Endorsement | FE-7540 |
| Fungus (Including Mold) Excl | FE-5722 |
| Mandatory Reportng Endorsement | FE-5801 |
| Rental Dwelling Endorsement | FE-5610 |
| Actual Cash Value Endorsement | FE-3650 |
| Terrorism Insurance Cov Notice | FE-6999.3 |
| Extra Replacement Cost Cov | FE-8702 |

**Endorsement Premium** None

Discount Applied:
Home Alert

Other limits and exclusions may apply - refer to your policy

**Your policy consists of this page, any endorsements and the policy form. Please keep these together.**

FP-8001.3C

2136 2 51 I
20 N Prepared DEC 19 2025

ADAM DARBY
615-869-7600

555-7020.1 Rev. 10-2002 (o1f039fc)

EFILED 08/07/26 10:20 AM CASE NO. 26C2357 Joseph P. Day, Clerk

DEC 19 2025 11 IPPD

CONTINUED FROM FRONT SIDE

| | |
|---|---|
| | |

EFILED 08/07/26 10:20 AM CASE NO. 26C2357 Joseph P. Day, Clerk

BK

o1f0396g
Rev. 09-2005

State of Tennessee
Department of Commerce & Insurance
Service of Process 10th Floor
500 James Robertson Pkwy
Nashville, TN 37243-0565

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7020 1290 0001 6210 4050

PRIORITY MAIL

US POSTAGE PITNEY BOWES

ZIP 37243 $ 030.95⁰
02 7W
0008044159 AUG 21 2026

7020 1290 0001 6210 4050 August 2026

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203